■ VICTOR PERLA et al., Appellants, v MARINE MIDLAND REALTY CORP., Defendant, and HI-LYNN FARMS, INC., Respondent.—In an action, *inter alia,* for specific performance of a contract, in which respondent has asserted a counterclaim against the plaintiffs, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County, dated July 29, 1977, as, upon reargument, denied plaintiffs' motion to dismiss respondent's counterclaim. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion to dismiss respondent's counterclaim granted. Respondent has counterclaimed against plaintiffs-appellants on theories of fraud, conspiracy and tortious interference with its business relationships with third parties. In opposition to plaintiffs' motion for summary judgment and in support of its confusing and ambiguous pleadings, respondent has not given the kind of notice contemplated by CPLR 3013, much less the detailed statement of circumstances constituting the wrong required by CPLR 3016 (subd [b]). (See *Reno v Bull,* 226 NY 546; *Lanzi v Brooks,* 54 AD2d 1057.) Respondent has presented nothing in its pleadings and supporting affidavits except bare allegations of fraud; its failure to comply with the pleading requirements of CPLR 3013 and 3016 (subd [b]) has prejudiced the plaintiffs (see *Meltzer v Klein,* 29 AD2d 548). Respondent has already had ample opportunity to discover the facts. It would be futile at this stage to allow it to correct its pleadings pursuant to CPLR 3024 as there is no reason to believe that it could buttress its pleadings with facts sufficient to make out a prima facie case. The motion for summary judgment should therefore have been granted (see *Downey v General Foods Corp.,* 31 NY2d 56). Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.

■ MYRTA RHODES, Respondent, v EMIL L. BEHESTI, Appellant.—In an action to recover damages against a physician, *inter alia,* for breach of a confidential relationship, defendant appeals from an order of the Supreme Court, Queens County, dated September 8, 1977, which granted plaintiff's motion for a protective order vacating defendant's demand for authorizations to examine and obtain certain hospital and medical records. Order reversed, with $50 costs and disbursements, and motion for a protective order denied. The authorizations shall be furnished within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry thereof. Under all of the circumstances, plaintiff's physical condition was "in controversy" within the fair import of CPLR 3121 (subd [a]). Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.

■ ELAYNE SKLAR, Respondent, v JORDAN J. SKLAR, Appellant.—In a matrimonial action, the defendant husband appeals from so much of a judgment of divorce of the Supreme Court, Suffolk County, entered September 20, 1976, as directed him to pay plaintiff the sum of $10,000 for counsel fees and expenses. Judgment affirmed insofar as appealed from, without costs or disbursements. The sum awarded as counsel fees reflects a proper exercise of discretion under subdivision (a) of section 237 of the Domestic Relations Law. Martuscello, J. P., Titone, Gulotta and Hawkins, JJ., concur.