RAGTO, INC., Respondent, v JOSEPH SCHNEIDERMAN et al., Appellants, et al., Defendant.—In an action, inter alia, to recover money unlawfully withheld (a) defendants Joseph Lubin, Joseph Schneiderman and Linden Country Club, Inc., and (b) defendants George Covner and Linden Beach Club, separately appeal from an order of the Supreme Court, Queens County, dated September 15, 1978, which denied their motions to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, with $50 costs and disbursements, and motions to dismiss granted. The motion, inter alia, to strike respondent's brief, renewed upon the argument of the appeal, is denied. The instant action stems from a prior shareholder's derivative suit between the same general parties. That action was dismissed, largely with prejudice, by a prior order of the Supreme Court, Queens County. Insofar as the prior complaint sought to allege a shareholder's derivative suit, the action was dismissed because the documentary proof established that the instant plaintiff, Ragto, Inc., was not a shareholder of the defendant corporation, Linden Country Club, Inc. Insofar as the complaint made allegations based upon duress and coercion, those causes of action were dismissed with leave to replead on the ground that they were

inextricably interwoven with the dismissed derivative suit and failed to clearly state any separate cause of action. No appeal has been perfected from the dismissal of the prior suit. Pursuant to the grant of leave to replead, the plaintiff commenced the instant action. The defendants seek dismissal of the complaint for failure to state a cause of action because it does not comply with CPLR 3013 and CPLR 3016. In general, those sections require that pleadings be stated with sufficient particularity to give notice to the court and parties of the transactions and occurrences intended to be proved. It is, of course, true that pleadings must be liberally construed and that an inartfully worded complaint should not be dismissed in the absence of prejudice to a substantial right of a party. Nevertheless, the instant complaint is so wholly lacking in particularity as to require dismissal. When read in its entirety, the complaint would seem to allege causes of action sounding in the nature of a shareholder's derivative suit. However, such claims have previously been dismissed with prejudice and the plaintiff's sole recourse is to appeal. Although the complaint does contain language that the defendants fraudulently withheld information and that they did "unlawfully and by such duress and coercion, receive, and compel surrender of plaintiff's rights, title and interest in said defendant Corporation." said language is in context of an allegation that the individual defendants misappropriated funds and is thus inextricably interwoven with what appears to be a derivative shareholder's suit. Any such ambiguous reference to duress or fraud totally fails to satisfy the requirements of CPLR 3013 and 3016 that the pleadings state with particularity the transactions to be proved. The plaintiff has continually failed to set forth any further detail supporting its claims, either when opposing the appellants' motions or on this appeal, and in light of the prior history of this action, it is plain that it "would be futile at this stage to allow it to correct its pleadings pursuant to CPLR 3024 as there is no reason to believe that it could buttress its pleadings with facts sufficient to make out a prima facie case" (see *Perla v Marine Midland Realty Corp.*, 61 AD2d 837). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.