■ J. Maynard Langford, III, et al., Appellants. v Maurice B. Cameron, Jr., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered July 6, 1979 in Essex County, which denied plaintiffs' motion for summary judgment and to strike the affirmative defenses in the answer. This action was commenced to recover the sum of $15,000 upon a promissory note dated September 5, 1978, providing for payment of the amount of the note on September 21, 1978, which purports to bear the signature of the defendants. The note also bears what is asserted to be an acknowledgment, which is in the following form. "On this 5th day of September 1978, Before me personally came Maurice B. Cameron, Jr. and Patricia Powell Cameron to me known and did say and confess to their full knowledge the aforesaid note." On numerous occasions after September 21,

1978, the due date of the note, plaintiffs made demand on defendants for payment, but plaintiffs received no moneys from defendants. The answer admits that plaintiffs made a demand for payment of the amount of $15,000, but denies that there is any promissory note or that defendants owe plaintiffs any sum of money. The answer also contains two affirmative defenses. The first affirmative defense alleges that plaintiffs represented to defendants that one James Alan Gokey was an attorney named Joseph J. McGrath, although plaintiffs knew of the falsity of such representation, and that such representation was made with the intent that defendants should rely thereon. It is further alleged that in reliance upon such representation, defendants entered into certain transactions with the said James Alan Gokey to their damage. The second affirmative defense alleges that in reliance upon plaintiffs' representations, defendant Maurice B. Cameron, Jr., executed a power of attorney wherein Joseph J. McGrath was named his attorney in fact and the plaintiffs agreed with James Alan Gokey to aid and abet him in carrying out a conspiracy and scheme that would result in defrauding defendants and, as a result of such conspiracy, defendants sustained substantial damages. According to plaintiffs' affidavit in support of their motion for summary judgment, a person known to them as James Alan Gokey, who had informed them that he had legally changed his name to Joseph J. McGrath, came to their home and told them his friend, Maurice B. Cameron, Jr., was about to lose his business unless he could raise $30,000 to cover a check he had issued without sufficient funds. Gokey allegedly told plaintiffs that he would raise $15,000 from his mother and asked them if they could advance $15,000 until September 21, 1978, when Maurice B. Cameron, Jr., expected to close a mortgage for $95,000 on his business. On September 6, 1978, plaintiffs told Gokey-McGrath that they needed $3,000 from Cameron, and on September 9, 1978, Gokey-McGrath delivered them a check for $1,500 and $500 in cash. Plaintiffs assert that they do not know whether this was Gokey-McGrath's money or defendants. The answering affidavit by Maurice B. Cameron, Jr., asserts that plaintiffs never delivered $15,000 or a similar amount to him or his wife and that they never executed a note to repay $15,000 to plaintiffs. He denies that plaintiff J. Maynard Langford, III, came to his place of business and that he said he would pay the loan on the 21st. He admits that on September 21, 1978, plaintiff demanded payment of the loan, but asserts that at all times he has denied the existence of a loan. Plaintiffs also submitted, in support of their motion, the affidavit of the notary who signed the acknowledgment on the note. This affidavit states that defendants were known to her on September 5, 1978 and were known to her to be the same persons who executed the documents in her presence and that they had acknowledged to her that they had each executed the document. Plaintiffs contended that the acknowledgment on the note constituted prima facie evidence that it was executed by defendants. Special Term found that despite plaintiffs' apparent persuasive evidence, a question of fact exists as to whether defendants signed the note and denied the motion for summary judgment. A certificate of acknowledgment constitutes prima facie proof of the authenticity of a signature (CPLR 4538), but such proof of the authenticity of a signature may be rebutted by proof credible to the trier of fact (*Dart Assoc. v Rosal Meat Market*, 39 AD2d 564). Defendants' affidavit denying the execution of the note and denying receipt of the proceeds thereof must be accepted as true for the purposes of the motion (see *Patrolmen's Benevolent Assn. of City of N. Y. v City of New York*, 27 NY2d 410). Triable issues of fact are raised by the conflicting affidavits which must be resolved upon a trial. "Summary judg-

ment should be denied where there is any doubt, at least any significant doubt, whether there is a material, triable issue of fact". *(Phillips v Kantor & Co.,* 31 NY2d 307, 311.) An affirmative defense of fraud must be pleaded with particularity by stating in detail the circumstances constituting the wrong (CPLR 3016, subd [b]). The affirmative defenses alleged in the answer contain no factual allegations of any relationship between the alleged fraudulent representations and the note which is the subject of the complaint. While the first affirmative defense alleges that defendants entered into certain transactions with James Alan Gokey in reliance upon plaintiffs' misrepresentations, there is no allegation that this note was one of such transactions. Similarly, the allegation of the execution of a power of attorney to Joseph McGrath in reliance upon plaintiffs' representations has no bearing on the issue of the execution of this note, since the note does not purport to have been executed by an attorney in fact. Bare allegations of fraud, which merely list the material elements of fraud without any supporting detail, are insufficient to satisfy the pleading requirements of CPLR 3013 or 3016 (subd [b]) *(Perla v Marine Midland Realty Corp.,* 61 AD2d 837). The affirmative defenses herein fail to show how the alleged fraud vitiates the note and should, therefore, have been dismissed. Order modified, on the law, to the extent of striking the affirmative defenses in the answer, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.