■ STATE BANK OF ALBANY, Appellant, v MATTHEW ROARKE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered December 23, 1981 in Rensselaer County, which denied plaintiff's motion for summary judgment. The issue to be determined on this appeal is whether Special Term properly denied plaintiff's motion for summary judgment. The complaint sets forth four causes of action alleging that defendant signed four promissory notes payable to the order of plaintiff, that defendant

defaulted on the four notes, and that defendant is liable to plaintiff for the amounts due thereon plus interest. Since the commencement of this action, the loan which was the subject of the fourth cause of action has been paid. The appeal, therefore, relates only to the first three causes of action. The answer of defendant admitted that the signatures on the three promissory notes were his but denied that he defaulted on these notes and that the figures and statements handwritten on the notes were completed when he executed the notes. In six affirmative defenses, defendant, in essence, alleged: that the promissory notes were procured through a fraudulent scheme perpetrated by Maurice J. O'Connell, Jr., then a vice-president of plaintiff, and Frank W. Kindlon, a coconspirator of O'Connell's; that plaintiff had received payment through O'Connell and Kindlon; that the loans evidenced by the promissory notes were not accompanied by a Truth in Lending Act disclosure statement as required by Federal law; and that the sums demanded by plaintiff are not accurate since plaintiff was covered by a bonding company. Special Term, by letter decision, denied plaintiff's motion for summary judgment because of "the existence of numerous and obvious questions of fact concerning the circumstances surrounding the alleged execution and delivery of the subject notes and underlying loan applications". This appeal ensued. The order entered at Special Term should be reversed and the motion for summary judgment granted in favor of plaintiff. No issues of fact regarding defendant's liability to plaintiff on the subject promissory notes exist. On a motion for summary judgment the opposing party cannot rely on conclusory assertions (*Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 264) and must put forward sufficient evidence in the form of affidavits, depositions, documentary evidence, or other types of evidence, showing an issue of fact (*id.;* see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:15). We need consider only those grounds which are supported by affidavit or other evidence (*id.*). The first claim which defendant raises and supports by affidavit or other evidence is that plaintiff was negligent in not discovering the fraud perpetrated by O'Connell and Kindlon and, therefore, acted in bad faith. He also argues that there is at least a question of fact as to whether plaintiff was negligent and acted in bad faith, that, in any event, the documents and records necessary to demonstrate plaintiff's negligence and bad faith are in plaintiff's sole possession, and that defendant must be given an opportunity to review these materials. This defense and other defenses supported by defendant seem to be directed at whether plaintiff is a holder in due course or merely a holder. To be a holder in due course one must acquire the instrument in good faith (Uniform Commercial Code, § 3-302, subd [1], par [b]). The defenses available as against a holder in due course vary substantially from those available as against a mere holder (compare Uniform Commercial Code, § 3-305, with Uniform Commercial Code, § 3-306). However, whether plaintiff was a holder in due course or a holder is of no consequence to the disposition of the instant action. Even a showing that plaintiff was negligent and acted in bad faith and was merely a holder of the promissory notes in issue could not, as discussed below, defeat plaintiff's claims. Further, although certain documents and facts are in the moving plaintiff's sole possession, the motion for summary judgment in favor of plaintiff should have been granted because, as a matter of law, defendant cannot defeat plaintiff's claims. Defendant's reliance on *Collona & Co. v Citibank* (86 AD2d 789) is not persuasive. In *Collona,* the facts that were unavailable to the opposing party concerned whether an embezzlement was in fact occurring, for how long, and whether a particular employee was involved. In the case at bar, the evidence is clear that an embezzlement occurred and that O'Connell was involved. Defendant's next supported defense claim asserts

that the promissory notes were executed as a part of a fraudulent scheme perpetrated by O'Connell and Kindlon. This appears to be a defense of fraud in the inducement or fraud in the factum. Fraud in the inducement cannot be raised successfully as a defense in this case because any fraud perpetrated by O'Connell, as an officer and agent of plaintiff, cannot be imputed to plaintiff. "[W]hen the agent has an interest adverse to the purported principal * * * the knowledge of the agent acting on his or her own behalf or on behalf of a second principal is not imputed to the first" (*Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 43-44; see *Benedict v Arnoux*, 154 NY 715, 727-730). Fraud in the inducement is, therefore, unavailable to defendant as a defense. Fraud in the factum, which is the gist of defendant's claim that questions of fact were created by Kindlon's misrepresentation of the nature of the documents and their purpose at the time they were executed by defendant at Kindlon's request, is unavailable to defendant. Section 3-305 (subd [2], par [c]) of the Uniform Commercial Code provides that a holder in due course is subject to the defense that a "misrepresentation * * * has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms". This section is meant to apply to an uneducated person, unable to read and determine that the document is not what it was represented to him to be and that he had no reasonable opportunity to be informed of its true character. On this record defendant is clearly not such a person. Defendant's reliance on *Langford v Cameron* (81 AD2d 720 [facts and prior disposition at 73 AD2d 1001]), a case where summary judgment was denied because of issues of fact regarding alleged misrepresentations of a third party who initiated a loan, is misplaced. *Langford* involved questions of fact regarding whether the alleged maker of a note ever received any money as a result of the loan evidenced by that note and whether the signatures on the note were genuine (see *Langford v Cameron*, 73 AD2d 1001, 1002, *supra*). Here, defendant admitted that the signatures on the notes are his and there is sufficient evidence that plaintiff paid money in association with the notes and that defendant either received the money or it was paid to others on the authority of his signature. Defendant's executions of the documents were at his own risk in circumstances where he was aware of the risk. He should not now be heard to complain about receipt of the funds. Defendant's next contention that plaintiff did not comply with the disclosure requirements of the Truth in Lending Act is without merit. The loan forms on their face state that the loans were for business purposes. Credit transactions for business purposes are exempt from the Truth in Lending Act disclosure requirements (see US Code, tit 15, § 1603, subd [1]; 12 CFR 226.3 [a]). The other affirmative defenses raised by defendant are not supported by affidavit or other evidence. Mere conclusory allegations are insufficient to defeat a motion for summary judgment (see *Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 264, *supra*). We, therefore, decline to consider those defenses. Order reversed, on the law, with costs, and motion for summary judgment in favor of plaintiff granted. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.