■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UNITED FUNDING, INC., Appellant. — Appeals (1) from a judgment of the Supreme Court at Special Term (Hughes, J.), entered June 11, 1984 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment and enjoined defendant from conducting any public solicitation, and (2) from an order of said court (Torraca, J.), entered July 16, 1984 in Albany County, which denied plaintiff's motion for a preliminary injunction.

Defendant is a corporation with headquarters in Sarasota, Florida. It was registered with the New York Secretary of State, pursuant to section 173 of the Executive Law, as a "Commercial co-venturer" for the year September 1, 1983 through August 31, 1984. Defendant's professed business in this State was to produce shows for fund-raising events for local organizations. In a typical transaction, defendant would enter into a contract with an organization to raise money on its behalf. It would then begin a phone solicitation campaign, having its employees place calls to numbers listed in the phone book, urging the persons called to buy several tickets to a show, such as a circus or ice show, in order to send a group of local handicapped children to the show, as well as to receive tickets for the contributors' own use. According to defendant, the sponsoring local organization generally received 10% to 15% of the total ticket sales.

On April 10, 1984, the Attorney-General commenced an action against defendant for violations of article 7-A of the Executive Law, a series of statutes designed to regulate the fund-raising activities of charitable organizations. On April 20, 1984, plaintiff also moved before Justice Torraca for a preliminary injunction restraining defendant from engaging in further public solicitation or fund raising in this State. Justice Torraca reserved decision on this motion. On April 24, 1984, plaintiff brought a motion for summary judgment based on its action commenced April 10, 1984 to permanently enjoin defendant's fund-raising activities. That motion was heard by Justice Hughes on May 4, 1984 and summary judgment in favor of plaintiff was granted by him in a decision dated May 30, 1984 and entered June 11, 1984. On June 20, 1984, Justice Torraca denied plaintiff's motion for a preliminary injunction on the

ground that Justice Hughes' judgment had rendered it moot. This appeal by defendant from both Justice Torraca's order and Justice Hughes' judgment ensued.

The threshold question raised by defendant on this appeal is whether Justice Hughes properly heard plaintiff's motion for summary judgment when plaintiff's motion for a preliminary injunction was pending before Justice Torraca, a Judge of coordinate jurisdiction. Defendant points to CPLR 2217 (subd [a]) to support his contention that the motion for summary judgment should have been determined by Justice Torraca. However, that section provides that "[a]ny motion *may* be referred to a judge who *decided* a prior motion in the action" (emphasis added). This referral is at the option of the court hearing the subsequent motion (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2217:1, p 116).

Clearly, two factors render CPLR 2217 (subd [a]) inoperative to have barred Justice Hughes from hearing the summary judgment motion. First, the referral is optional and not mandatory; second, the rule refers to a prior *decision*. No prior decision on plaintiff's motion before Justice Torraca had been made at the time plaintiff's motion for summary judgment was made before Justice Hughes. Accordingly, the terms of CPLR 2217 did not require Justice Hughes to refer plaintiff's motion for summary judgment back to Justice Torraca. For the same reason, defendant's argument that CPLR 2221 barred Justice Hughes from hearing this motion is erroneous. CPLR 2221 provides that certain subsequent motions affecting a prior order must be transferred to the Judge who made the initial order. However, as noted above, since no order had been entered on the first motion at the time he heard the second motion, Justice Hughes was free to hear and decide it.

Defendant's next contention is that Special Term erred in granting plaintiff's motion for summary judgment. Initially, it bases this contention on the assertion that summary judgment should have been denied because defendant had no opportunity to conduct discovery proceedings regarding the information contained in plaintiff's supporting affidavits. This contention is meritless. Deferment for discovery is required only where it can be shown that the party requesting it had no opportunity to discover facts which were within the *exclusive* knowledge of the moving party relating to its claims (see *Franklin Nat. Bank v De Giacomo,* 20 AD2d 797). In the instant matter, plaintiff's claims set forth violations of article 7-A of the Executive Law regarding defendant's failure to follow the statutory rules for fund-raising activities. Since defendant knew what scripts its employees used

in its phone solicitations and what other tactics it used in its fund-raising efforts, the facts alleged by plaintiff in its moving papers were not within plaintiff's exclusive knowledge and so defendant had no right to have the matter postponed for discovery.

Defendant further contends that summary judgment should not have been granted because plaintiff failed to establish a prima facie case of defendant's violation of article 7-A of the Executive Law. This contention is also erroneous. In its complaint, plaintiff charges defendant with failure to make the statutorily required disclosures in the course of its public solicitations conducted in Poughkeepsie, Syracuse, Staten Island and Rochester, and that in so doing, it violated stipulations which it had previously entered into with the Attorney-General's office in settlement of prior actions brought against it, wherein it had agreed, *inter alia,* to file all contracts with sponsoring organizations with the Secretary of State and to use only an agreed-upon "sales pitch" in its phone solicitations, which would set forth defendant's identity, details of the performance and the percentage of the profits which the sponsoring organization would receive. In support of its motion, plaintiff submitted affidavits of former employees of defendant who stated that they had not used the sales pitch required by the Attorney-General in their phone solicitations. In addition, plaintiff submitted affidavits of persons who had received defendant's phone solicitations and of New York City police officers who had conducted an undercover investigation of defendant's operations to confirm that the approved script had not been used. Further, plaintiff attached an affidavit from the Secretary of State's office attesting that defendant had not filed a contract there regarding its fundraising activities in Poughkeepsie. Clearly, these affidavits were sufficient to establish against defendant a prima facie case of violation of sections 173-a and 174-c of the Executive Law.

We also reject defendant's contention that the opposing papers created issues of fact precluding summary judgment. On its behalf, defendant submitted only the affidavit of its attorney setting forth conclusory statements of fact and law, and the affidavits of two employees which merely alleged in general terms that the required script was "used" by defendant's employees in their phone solicitations in Syracuse, Utica and Staten Island, without at all addressing the specific violations established in the moving papers. Bald, conclusory allegations such as these, unsupported by evidentiary facts, are insufficient to defeat a motion for injunctive relief such as Special Term had before it (*John v Centennial Ins. Co.,* 91 AD2d 1104, 1106, mot

for lv to app den 59 NY2d 605; *State Bank v Roarke,* 91 AD2d 1093, 1094, app dsmd 59 NY2d 763). Accordingly, we conclude that summary judgment was properly granted.

We are also unpersuaded by defendant's contention that its due process rights were violated by Special Term's injunctive order. Commercial messages, such as those purveyed by defendant, may be suppressed when they misinform the public (*Central Hudson Gas & Elec. v Public Serv. Comm.* 447 US 557, 563). As a "Commercial co-venturer" (Executive Law, § 171, subd 6), defendant had no constitutionally protected right to free speech when the effect of its words was to mislead the public.

Finally, we note that defendant's appeal from Justice Torraca's order denying plaintiff's motion for injunctive relief must be dismissed. Defendant was not aggrieved by this order and so is not entitled to appeal from it (CPLR 5511).

Judgment affirmed, without costs.

Appeal from order dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.