NORSTAR BANK OF UPSTATE NY, Appellant, v OFFICE CONTROL SYSTEMS, INC., et al., Defendants, and ROBERT WINIG, Respondent.

Third Department, February 28, 1991

266

### APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams, P. C. (Joseph M. Gaug* of counsel), for appellant.

*Caputo, Aulisi & Skoda (Richard T. Aulisi* and *Robert M. Cohen* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

In December 1988, defendant Robert Winig (hereinafter defendant) borrowed $23,750 from plaintiff, which defendant used to purchase an interest in defendant Office Control Systems, Inc. (hereinafter OCS). In return for the loan, defendant executed a promissory note in favor of plaintiff and a guarantee. The note contained a cross-default provision which authorized plaintiff to accelerate the note and declare it immediately due whenever it had the right to do so under any other agreement in effect between plaintiff and defendant. The guarantee listed OCS as the borrower and provided that in the event of a default by the borrower on any indebtedness to plaintiff, defendant "hereby unconditionally promises and agrees to pay to [plaintiff] * * * all amounts which the Borrower shall owe to [plaintiff], whether such indebtedness now exists or shall hereafter arise". In 1989 OCS defaulted on a note given to plaintiff some six months prior to defendant's execution of the note and guarantee described above. Plaintiff demanded payment from defendant pursuant to the guarantee and, based upon the cross-default provision in the note executed by defendant, accelerated that note and demanded payment. When defendant refused to pay on either the guarantee or the note, plaintiff commenced this action and moved for summary judgment in lieu of complaint *(see,* CPLR 3213). Supreme Court denied the motion against defendant and this appeal by plaintiff ensued.

As to the guarantee, we are of the view that plaintiff is

entitled to summary judgment against defendant. The guarantee, which defendant admits he signed, is clear and unambiguous on its face, and it is applicable to the indebtedness upon which OCS defaulted. Defendant alleges that "I was not aware that I was signing a personal guarantee and was under the impression and proceeded with the understanding that no personal guarantee would be required of me as to any preexisting corporate obligations". According to defendant, his factual allegations, if true, are sufficient to establish fraud in the factum, "that is, defendant was induced to sign something entirely different than what he thought he was signing" *(First Natl. Bank v Fazzari,* 10 NY2d 394, 397). As we explained in *Mix v Neff* (99 AD2d 180), "Fraud in the factum generally connotes an attack upon the very existence of a contract from its beginning, in effect alleging that there was no legal contract and that the instrument never had a valid inception" *(supra,* at 182). In contrast to the facts in *First Natl. Bank v Fazzari (supra),* defendant in this case does not claim that he was induced to sign the guarantee upon a misrepresentation that the instrument was something other than a guarantee. Nor is there any claim that defendant was unable to read or was otherwise unable to understand the nature of the instrument. Rather, defendant alleges that as a result of his refusal to close on an earlier loan due to plaintiff's insistence that he guarantee preexisting corporate debt, plaintiff's employees knew that he was unwilling to execute such a guarantee. Defendant further alleges that the loan closing in December 1987 was "extremely informal and very little time, if any, was spent discussing the loan". According to defendant, plaintiff's employee "merely shoved a pile of papers under my nose and requested me to sign them which I did, never assuming for a moment or thinking that a personal guarantee of the preexisting corporate indebtedness was one of the papers that I was signing".

The record conclusively establishes that defendant, who had experience in negotiating loans of this nature, signed a document which clearly and unambiguously constituted a guarantee of payment of OCS preexisting indebtedness. In these circumstances, the absence of any allegation that defendant was unable to read or understand the nature of the instrument he signed, or any allegation of misrepresentation as to the nature of the instrument he signed, is fatal to defendant's claim of fraud in the factum *(cf., Fleming v Ponziani,* 24 NY2d 105, 111). Although the Uniform Commercial Code is not

applicable here, UCC 3-305 (2) (c) codifies the defense of fraud in the factum (UCC 3-305, comment 7), defining it as "such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms". Where, as here, defendant is neither uneducated nor unable to read and he could have ascertained the true nature of the document by reading it, we have held the defense of fraud in the factum under UCC 3-305 (2) (c) to be unavailable *(see, State Bank v Roarke,* 91 AD2d 1093, 1095, *appeal dismissed* 59 NY2d 763). In *Dunkin' Donuts v Liberatore* (138 AD2d 559), the Second Department concluded that "the mere fact that the guarantor was not told that a personal guarantee was among the documents she was asked to sign is insufficient to establish a defense of fraudulent inducement" and the "failure to read the clear language of the guarantee precludes a defense of fraudulent inducement" *(supra,* at 560). We see no reason to reach a different conclusion merely because the defense is labeled as fraud in the factum rather than fraud in the inducement.

■ As to plaintiff's claim based upon its attempt to accelerate the note executed by defendant, we conclude that plaintiff is not entitled to summary judgment. The cross-default provision authorizes acceleration whenever plaintiff "has the right to do so under any Loan Agreement, Security Agreement, Mortgage, or any other agreement or collateral instrument now or hereafter in effect between [plaintiff and defendant], pursuant to which the indebtedness evidenced by this Note is loaned or secured". The guarantee executed by defendant is a collateral instrument, but it contains no provision for acceleration and, therefore, the cross-default provision in the note was not triggered. Although defendant is liable under the guarantee for the entire indebtedness owed by OCS, that indebtedness arose due to an acceleration provision in the note executed by OCS, to which defendant was not a party, and the cross-default provision, by its terms, applies only in the event of an acceleration authorized by an agreement executed by defendant.

MAHONEY, P. J., WEISS, CREW III and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so

much thereof as denied plaintiff's motion against defendant Robert Winig based on the guarantee; motion granted to that extent and summary judgment pursuant to CPLR 3213 awarded to plaintiff against said defendant; and, as so modified, affirmed.