■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General of the State of New York,

Respondent-Appellant, v NEW YORK STATE FEDERATION OF POLICE, INC., et al., Appellants-Respondents, et al., Defendant. (And a Third-Party Action.)—Harvey, J. Cross appeals from that part of an order of the Supreme Court (Hughes, J.), entered January 22, 1991 in Albany County, which partially denied plaintiff's motion to find certain defendants in civil contempt and to modify a preliminary injunction.

Defendants New York State Federation of Police, Inc., United Federation of Police Officers, Inc. and Tri-County Police Federation, Inc. are not-for-profit law enforcement support organizations formed essentially to provide benefits to their members. Defendant Federation News Guild, Inc. is their official publication and defendant Ralph Purdy is the head of all these organizations. Defendant Century Telemarketing, Inc. (hereinafter Century) is a professional fundraising organization which assisted the other defendants to this action in soliciting money by telephone. In December 1988 plaintiff commenced this action alleging that defendants, through Century, fraudulently solicited telephone contributions by, *inter alia,* purporting to be charitable police organizations affiliated with certain police departments and inducing contributions by stating that the contributor would be given preferential treatment by the police. Plaintiff principally sought a permanent injunction preventing all defendants from soliciting or collecting funds from the public. In an order entered in March 1989, Supreme Court granted plaintiff's request for a preliminary injunction to the extent of stating that Century would be barred from soliciting on behalf of the remaining defendants (hereinafter collectively referred to as defendants). However, defendants would be permitted to continue to solicit funds, albeit pursuant to a script approved by plaintiff.

Thereafter, in March 1990 plaintiff moved pursuant to Judiciary Law article 19, CPLR 5104 and CPLR 6301 to modify the preliminary injunction to prohibit defendants from soliciting funds from the public and to find defendants in criminal and civil contempt for allegedly soliciting funds by telephone without using the script approved by plaintiff. Certain of the defendants cross-moved for various relief. It was asserted by defendants that any wrongdoing which may have occurred was allegedly done without their knowledge by C & C Telemarketing, the company defendants hired after Century was barred from soliciting funds on behalf of defendants. Following a hearing on these motions, Supreme Court denied defendants' cross motions, granted plaintiff's motion to modify the preliminary injunction by prohibiting defendants from

soliciting contributions and further enjoined Purdy from soliciting funds from the public through any corporation or entity. The court also denied plaintiff's motion to hold defendants in civil or criminal contempt. These cross appeals ensued.

We affirm. Initially, we conclude that Supreme Court properly modified the March 1989 preliminary injunction by prohibiting defendants from soliciting contributions. It is settled law that a preliminary injunction may be granted "only if the party seeking such relief has demonstrated (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities weighing in favor of the moving party" *(Kensington Ct. Assocs. v Gullo,* 180 AD2d 888, 889; *see,* CPLR 6301).

Applying these criteria to the facts in this case, we find no reason to disturb Supreme Court's ruling. Through affidavits and testimony at the hearing, plaintiff overwhelmingly demonstrated that solicitations for defendants violated Supreme Court's March 1989 preliminary injunction by deviating from the script provided by plaintiff. As a result, plaintiff's likelihood of success is great. Irreparable injury has also been demonstrated because, as found by Supreme Court in its original injunction, "[t]he money raised by the scheme may never be recovered, and the perception by the public of a police force obtaining donations by flashing a badge cannot be permitted". We also find that a balancing of the equities favors plaintiff. While it is true that defendants may suffer financial hardship as a result of the injunction, the interest of the public in not being defrauded outweighs other considerations. Additionally, defendants' free speech rights have clearly not been violated because the type of activity alleged here "may be suppressed when [it] misinform[s] the public" *(People v United Funding,* 106 AD2d 846, 849, *lv denied* 64 NY2d 609; *see, Marcus v Jewish Natl. Fund,* 158 AD2d 101, 104-106).

Next, we consider defendants' contention that Supreme Court erred in enjoining Purdy "from the telephone solicitation of funds from the public through any other corporation or entity" because "Purdy operates through so many different corporate entities". According to defendants, plaintiff did not sufficiently show that the corporations that Purdy heads are alter egos. We disagree. Contrary to defendants' suggestions on appeal, Supreme Court did not improperly "pierce the corporate veil" in this case *(see generally, Bowles v Errico,* 163 AD2d 771, 773). This doctrine is inapplicable here because Purdy was not found liable for defendants' activities but was

rather found to have potentially abused his control of defendants by engaging in activity in violation of Supreme Court's preliminary injunction.

Along these lines, we find that plaintiff sufficiently demonstrated the interrelation of defendants and Purdy's control over defendants to justify enjoining Purdy. The evidence demonstrated that Purdy is in charge of a number of corporations which operate out of the same office and indiscriminately place funds in each other's bank accounts. Additionally, names of donors to one corporate defendant would routinely appear on lists for a different corporate defendant. Similarly, a contribution to one defendant entitled the donor to a card identifying the donor as a member of all three corporations. In fact, one witness testified that although she was solicited for a contribution to one defendant, she was told to make the check out to another defendant. Consequently, although Purdy testified to the alleged separate existence of each corporation, the obvious interrelation of defendants as demonstrated by plaintiff combined with the type of activity that allegedly occurred here justified Supreme Court's broad injunction (see, e.g., Marcus v Jewish Natl. Fund, supra; People v United Funding, supra).

We have examined the parties' remaining arguments and find them to be without merit. Given the apparent interrelation of defendants as shown by plaintiff, we agree with Supreme Court that there are sufficient questions of fact concerning Tri-County Police Federation, Inc.'s involvement in the matter which preclude summary judgment (see, CPLR 3212 [b]). Finally, we decline to disturb Supreme Court's decision to deny plaintiff's motion to hold defendants in contempt.

Yesawich Jr., J. P., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.