■ In the Matter of NORTH HILLS OFFICE SERVICE, Appellant, v GUS BEVONA, as President of Service Employees Local Union No. 32B-32J, AFL-CIO, Respondent, et al., Respondent. [635 NYS2d 16] —Orders, Supreme Court, New York County (Martin Evans, J.), entered on or about September 27, 1994, which denied petitioner's application to stay arbitration, unanimously affirmed, without costs.

There is no merit to petitioner's argument that the IAS Court should not have directed the parties to arbitration without first conducting a hearing or allowing disclosure on whether the collective bargaining agreement between the parties, and thus the agreement to arbitrate contained therein, were induced by a fraudulent representation that only employees at one particular site were to be covered. The conclusory allegations in petitioner's moving papers and the letter from respondent returning a copy of the first such agreement between the parties and stating that it covered the employees at the particular site in question are insufficient to raise a "substantial question" as to whether petitioner justifiably relied on a misrepresentation of fact concerning the scope of the agreement (CPLR 7503 [a]; *see, Matter of Schachter [Witte & Co.],* 41 NY2d 1067). The initial agreement and all succeeding ones expressly state that they apply to all employees at "any facility" in Nassau and Suffolk Counties, and no specific mention of the site in question is anywhere made. In addition, petitioner was represented by an experienced labor consultant and makes no claim that its representatives were unable to read or understand the relevant provision (*see, Norstar Bank v Office Control Sys.,* 165 AD2d 265, 267-268, *lv dismissed* 78 NY2d 1110). Accordingly, the court properly directed the parties to arbitrate the issue of whether the agreement was intended to be site specific, a matter clearly falling within the scope of the arbitration clause. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.