■ BELLEVUE BUILDERS SUPPLY, INC., Appellant, v PETER BELMONTE, Respondent, et al., Defendant. [705 NYS2d 738] —Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 11, 1999 in Saratoga County, upon a decision of the court in favor of defendant Peter Belmonte.

At issue on appeal is the enforceability of a guarantee provision contained in a single-page credit application, parts of which were incomplete when signed by one of the alleged guarantors, defendant Peter Belmonte (hereinafter defendant). At a nonjury trial of this action, defendant testified that he engaged in discussions with the two shareholders of defendant Glenville Development Corporation, a home building company, about acquiring one of the owners' 50% share in the company. To show his "good faith" interest in purchasing the shares, defendant signed a credit application for Glenville in favor of plaintiff, a building supply company.

Defendant further testified that this credit application was

not to be delivered to plaintiff until the contemplated purchase of shares was concluded. When he signed the application, the date and the dollar amount of credit desired were left blank. Unbeknownst to defendant, this information was subsequently filled in—i.e., the credit application was dated and a dollar amount of $200,000 was inserted—and the completed form was provided to plaintiff. The anticipated stock transfer never occurred. Plaintiff now seeks to enforce the guarantee provision against defendant by collecting an indebtedness of $225,779 for building materials sold and delivered to Glenville. Supreme Court dismissed the complaint finding that the credit application was unenforceable against defendant because material terms were missing at the time of its execution.

Plaintiff candidly acknowledges that in order for it to recover, a "meeting of the minds" on all essential terms of the agreement must have been reached between the parties. To this end, plaintiff alleges that the language of the guarantee provision, admittedly subscribed to by defendant was, by itself, "clear, complete and unambiguous on its face." The provision at issue, however, is contained in the last paragraph of the single page credit application and states that the guarantor shall be liable to plaintiff "for any balance due on the above business account." Notably, a preceding paragraph provides a space for the delineation of the dollar amount of the "Credit Limit Desired" and defendant's unrefuted testimony at trial was that this line was left blank at the time he affixed his signature to the document.

In a strikingly similar case the Court of Appeals held that "[t]o create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589). In that case, the parties to a lease failed to insert the dollar amount of a rent reduction to be effectuated in the event the lessor exercised an option to redeem a portion of the leasehold premises (*see, id.*, at 587). The Court of Appeals found the omitted term to be sufficiently material, such that its omission negated a finding that the parties had come to a meeting of the minds on all essential terms (*see, id.*, at 590-591). In this case, we similarly conclude that the dollar amount of the credit limit desired by Glenville was a material term of the credit application, the absence of which precludes enforcement of the guarantee.

Plaintiff also analogizes the subject guarantee to that at issue in *Norstar Bank v Office Control Sys.* (165 AD2d 265, *ap-*

*peal dismissed* 78 NY2d 1110). In that case, however, the guarantee was expressly unconditional in that it covered " 'all amounts which the Borrower shall owe to [plaintiff], *whether such indebtedness now exists or shall hereafter arise*' " (*id.*, at 266 [emphasis supplied]). We are unpersuaded that the subject guarantee is the legal equivalent of that at issue in *Norstar Bank v Office Control Sys.* (*supra*).

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.