■ CAPITAL DISTRICT ENTERPRISES, LLC, et al., Appellants, v WINDSOR DEVELOPMENT OF ALBANY, INC., et al., Respondents. [914 NYS2d 341]—

Spain, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered March 5, 2010 in Saratoga County, which, among other things, granted defendants' cross motion for summary judgment.

This dispute involves a 2006 contract for the purchase of undeveloped real property in the Town of Malta, Saratoga County. Plaintiff Capital District Enterprises, LLC[1] agreed to purchase the property from defendant Windsor Development of Albany, Inc.[2] pursuant to a pricing structure that is dependent on the number of "units" that Capital would get authorization to construct on the property. It is undisputed that, at the time the contract was executed, the parties expected that Capital would build residential apartment complexes on the property and, had that occurred, each apartment would constitute one unit.

Shortly prior to the expected closing date on the contract, however, Capital disclosed that it intended to apply to the Town for authorization to construct a hotel and commercial buildings, in addition to the apartment complexes originally contemplated for the property. A dispute then arose regarding how the term "units" would apply to commercial space and hotel rooms. Windsor commenced an action against Capital seeking a declaration that hotel rooms and commercial space be considered "units" pursuant to the contract or, in the alternative, for rescission. Plaintiffs then commenced a separate action against defendants, seeking, among other things, specific performance of the contract. Prior to discovery, both sides moved for consolidation of the actions and for summary judgment; Supreme Court granted the motions for consolidation and held that, due to a failure to adequately define "units," there was no

1. Capital eventually assigned its rights and obligations under the contract to plaintiff CDP Kelch, LLC.

2. In November 2006, Windsor conveyed the property to, and assigned its rights and obligations under the contract to, defendant Malta Land I, LLC, an entity formed by Windsor for such purpose.

meeting of the minds with regard to the price clause and declared the contract to be a nullity.

Plaintiffs appealed, and we reversed (*Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc.*, 53 AD3d 767 [2008]). Specifically, we held that because plaintiffs did "not directly dispute Windsor's position that the term 'units' refers to more than just residential space . . . it cannot be said, as a matter of law, that there was no meeting of the minds on the issue" (*id.* at 771). Therefore, we reversed and remitted the matter to Supreme Court for a determination of the meaning of the word "units" as applied to commercial development (*id.*).

During discovery, however, plaintiffs, through the deposition testimony of one of Capital's managing directors, took the position that the word "unit" was meant to apply only to residential development and that the anticipated commercial development would not increase the purchase price. Plaintiffs then again moved for summary judgment seeking specific performance and defendants cross-moved for summary judgment seeking a declaration that the contract was unenforceable, arguing that the extrinsic evidence adduced had established that the parties had differing understandings of the term "units" and, accordingly, there was no meeting of the minds with respect to the purchase price.[3] Supreme Court found that the ambiguity in the term "units" could not be resolved by resort to extrinsic evidence and, holding there to have been no meeting of the minds, declared the contract to be unenforceable and granted defendants' cross motion for summary judgment. Plaintiffs now appeal.

We affirm. "If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990] [citations omitted]). In the prior appeal on this matter, our decision that summary judgment was inappropriate at that time was premised on plaintiffs' failure to take a position with regard to what meaning the term "units" had with respect to commercial development. Accordingly, we concluded that the parties intended to be bound by the contract regardless of the type of development contemplated for the property and that the question of what

3. Given Supreme Court's inherent power to award summary judgment to a nonmoving party on an issue already squarely presented to the court, we find it unnecessary to address plaintiffs' argument that Supreme Court abused its discretion in considering defendants' untimely cross motion for summary judgment (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]).

"units" would mean in a commercial context would need to be resolved by the trier of fact. It is now clear, however, from the deposition testimony submitted by the parties in support of their motions, both that neither party contemplated commercial development or the construction of anything other than residential units on the site at the time the contract was executed and that there was never any agreement as to the purchase price if the property were developed for commercial or mixed use. Indeed, plaintiffs have now squarely taken the position that the word "units" means only residential units and that no additional payments would be due for any authorized commercial development, whereas defendants have always maintained that they expected to be paid commensurate with all aspects of development on the property. Accordingly, given that it is now essentially conceded that there was no meeting of the minds with respect to what pricing structure would be employed for commercial development, we must find that the contract is void (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 590 [1999]; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 985-986 [2006]; *Bellevue Bldrs. Supply v Belmonte*, 271 AD2d 849, 850 [2000]).

Kavanagh, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.