Rijo v Yyy 62nd St. LLC

2026 NY Slip Op 02352

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Daulin Gabriel Rijo, Plaintiff-Respondent,

v

Yyy 62nd Street LLC, et al., Defendants-Appellants. &lsqb;And a Third-Party Action&rsqb;.

Decided and Entered: April 16, 2026

Index No. 27539/18|Appeal No. 5971|Case No. 2025-05034|

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ.

Kahana & Feld LLP, New York (Sofya Uvaydov of counsel), for appellants.

Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Matthew Parker-Raso, J.), entered on or about July 7, 2025, which denied defendants' motion to amend their answer pursuant to CPLR 3025 to assert an affirmative defense of fraud, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in denying defendants leave to amend their answer to assert an affirmative defense of fraud. Where a defense is based upon fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). CPLR 3016(b) "imposes a more stringent standard of pleading than the generally applicable 'notice of the transaction' rule of CPLR 3013" (Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249, 257 [1st Dept 1989] [internal quotation marks omitted]). Conclusory allegations or mere suspicion of fraud are insufficient (see Bank Leumi Trust Co. of N.Y. v D'Evori Intl., 163 AD2d 26, 31-32 [1st Dept 1990]; Langford v Cameron, 73 AD2d 1001 [3d Dept 1980] ["An affirmative defense of fraud must be pleaded with particularity . . . . Bare allegations of fraud . . . without any supporting detail, are insufficient to satisfy the pleading requirements of CPLR 3013 or CPLR 3016(b)]").

The motion court properly found that defendants failed to plead with specificity what constituted the alleged fraud in its proposed amended answer and "merely set[] forth conclusory allegations that plaintiff made false representations on multiple instances." Specifically, defendants' proposed ninth affirmative defense broadly alleges that plaintiff has "intentionally and knowingly made false and fraudulent statements of material fact to others" and that he knew the misrepresentations were false and fraudulent when made. These general and conclusory allegations of "false representations" are insufficient to plead fraud (see Barlow v Skroupa, 221 AD3d 482, 483 [1st Dept 2023]).

Moreover, defendants' motion is based on unrelated Racketeer Influenced and Corrupt Organizations Act (RICO) federal litigation involving allegations that plaintiff's counsel and three of plaintiff's medical providers conspired to inflate settlement and/or verdict amounts. "[U]nproven allegations of fraud against plaintiff's . . . attorney[s] and medical providers in the RICO complaint do not, without more, warrant [an affirmative defense or] counterclaim for fraud against plaintiff himself" (Santacruz v 58 Gerry St LLC, 246 AD3d 600, 600 [1st Dept 2026], quoting Linares v City of New York, 233 AD3d 479, 480 [1st Dept 2024]; see Anguisaca-Morales v St. Paul & St. Andrew United Methodist Church, 238 AD3d 439, 440 [1st Dept 2025]).

Defendants also failed to plead the essential element of justifiable reliance with sufficient particularity (CPLR 3016 [b]; see Anguisaca-Morales, 238 AD3d at 440; Breton v Dishi, 234 AD3d 432, 432 [1st Dept 2025]). To the contrary, they have denied plaintiff's allegations in their answer and throughout the litigation (see Breton, 234 AD3d at 432).

[*2]

To the extent defendants claim that they have been damaged by having incurred litigation costs as a result of plaintiff's pursuit of a fraudulent or frivolous claim, their remedy is to seek sanctions, including those available under CPLR 8303-a (see Santacruz, 246 AD3d at 601; Breton, 234 AD3d at 433). Furthermore, there is nothing preventing defendants from pursuing allegations related to, among other things, plaintiff's alleged disproportionate medical treatment to undermine plaintiff's credibility and damages claims.

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026