■ REUBEN RUCK, Respondent, v. JEAN RUCK, as Administratrix of the Estate of LEON M. RUCK, Deceased, Appellant.— Decree unanimously reversed, on the law and the facts and in the exercise of discretion, and a new trial is granted, with costs to abide the event. The evidence received is ambiguous as to the true nature of the transactions between plaintiff and decedent. Plaintiff attempted to present the transaction as a simple loan, whereas the evidence indicates a more complex noncash arrangement, in which the alleged corporate debts owed plaintiff and the alleged debt owed by decedent to one of the corporations were converted into an alleged debt from decedent to plaintiff. In view of the cautious offering of proof, it is not clear that the documented transactions represented genuine ones, or that plaintiff parted with value. Under the circumstances plaintiff has not established his claim against decedent's estate by the required preponderance of evidence (see *Matter of Sherman*, 227 N. Y. 350, 353). However, a new trial is appropriate under these circumstances since plaintiff may be able to establish his claim if afforded another opportunity, and if a complete disclosure of the facts is forthcoming. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.

■ UNITED REFRIGERATOR COMPANY, Appellant, v. MARK ROSE, Respondent. — Order, entered on May 23, 1963, unanimously modified, upon the law and the facts, and in the exercise of discretion, without costs, to provide that the answer of defendant-respondent shall be and is stricken unless the defendant shall appear for examination before trial at Special Term, within 90 days after entry of the order herein, at a date to be fixed in such order. A date and place in the city here for the examination of the said defendant were fixed in the notice which was duly served for his examination; and this defendant, failing to move against the notice, agreed by a series of stipulations to an adjournment of the examination to future dates to be held here. There is no factual showing of undue hardship to move the court in its discretion to now modify the notice to change the place of examination, and, thus, he should be directed to appear here for the examination notwithstanding that he has now acquired a foreign State residence. (See *Mossew* v. *To Market*, 3 A D 2d 189; *Drews* v. *Spencer*, 274 App. Div. 802; see, also, CPLR, §§ 3103, 3126.) Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.