MARINE MIDLAND NATIONAL BANK OF TROY et al., as Executors of DAVID W. HOUSTON, JR., Deceased, Appellants, v. HENRY D. HOUSTON et al., Respondents.— GABRIELLI, J. Appeal from so much of an order of the Supreme Court, Albany County, entered April 10, 1967 which granted a protective order directing that appellants' examination before trial of the respondent Henry Darby Houston be had "immediately prior to trial, upon reasonable notice, when the case is set down for a trial date". Special Term has determined that the examination before trial of the nonresident respondent be held in this fashion and further concluded that the appellants had failed to show that such examination would be necessary prior to that time. Where, as here, the respondent is a nonresident, the court had the right to consider his good faith in refusing to submit to an examination here in view of the difficulties and hardships surrounding an appearance here. (Robinson v. Wildenstein & Co., 23 A D 2d 740). CPLR 3103 (subd. [a]) provides that "The court may * * * on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrass-

ment, disadvantage, or other prejudice to any person or the courts." Upon the facts and circumstances here presented, we think Special Term properly exercised the discretion reposed in it. We have examined into the respective contentions of the parties and, as the court aptly stated in *Nardelli* v. *Stam* (13 A D 2d 698), "Under the circumstances of the case at bar, there being no showing of any urgent need for the examination now of the nonresident defendant, the usual rule that his examination await the 'eve' of trial seems applicable (*Duncan v. Jacobson*, 187 Misc 918, affd. 274 App. Div. 962)". Order affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.