■ CELIA COOPER et al., Respondents, v MET MERCHANDISING et al., Defendants, and BARFRED LABORATORIES, Appellant. R. H. COSMETICS CORP., Third-Party Plaintiff, v BARFRED LABORATORIES, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County, entered December 31, 1975, denying the renewal motion of the appellant Barfred Laboratories for a protective order, unanimously affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. This is an action for

injuries allegedly sustained as a result of the use of a nail strengthener product actually manufactured by the appellant located in Florida and sold under the name of a codefendant. The appellant having been served in Florida pursuant to the long-arm statute, moved for a protective order pursuant to CPLR 3103, after a notice of deposition was served for appearance in New York. It is contended that the appellant is a small organization and that its president cannot be spared for both business and personal reasons to come to New York, and that the deposition should be either: (a) held just prior to the trial; or (b) that written interrogatories be used; or (c) that an open commission to Florida be utilized. The statutory disclosure provisions apply to nonresidents as well as residents of a State and a trip from Florida to New York in this day of modern transportation is not such a hardship as to warrant the protective order sought. *(Santamaria v Walt Disney World,* 51 AD2d 959.) The examination can be conducted at a time convenient to the parties, which would obviate any of the problems alleged to be of moment by the appellant. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Lane, JJ.