■ HORTENSE C. KAHN et al., as Executors of LAWRENCE W. KAHN, Deceased, Respondents, v NORMAN RODMAN, Appellant. — Order, Supreme Court, New York County (Donald Sullivan, J.), entered June 10, 1982, which (1) denied defendant's motion for a protective order vacating plaintiffs' notice of deposition and striking the notice to produce, (2) directed defendant to appear in New York for examination before trial on a date certain and (3) denied disclosure as to matters of a fiscal nature until plaintiffs established a right to an accounting, unanimously modified, on the law and the facts, without costs, to the extent of (1) vacating and striking Items Nos. 3 through 17 of the notice to produce annexed as a rider to the notice of deposition, (2) directing defendant to appear in New York for examination before trial to be held within six months of the order on this appeal, the examination to be conducted at Special Term, Part II, on a date and time to be agreed upon by the parties, and otherwise affirmed. We agree with Special Term's exercise of discretion directing defendant to appear for examination before trial upon oral deposition to be held in New York. As a party to the action, defendant's status as a

nonresident does not preclude examination in the county where the action is pending where, as here, there is insufficient showing of any hardship which would result from the conduct of the deposition in this State (CPLR 3110; *Cooper v Met Merchandising,* 54 AD2d 859; *Santamaria v Walt Disney World,* 51 AD2d 959; *Gazerwitz v Adrian,* 28 AD2d 556). The preferred practice, except in cases where hardship is shown to exist, is to proceed with examinations here, to be conducted at Special Term, Part II. On review of the record, however, we find the notice to produce palpably insufficient with respect to Items Nos. 3 through 17 thereof, which are stricken because each item fails to properly designate the documents to be produced with required particularity (see *Rios v Donovan,* 21 AD2d 409; *City of New York v Friedberg & Assoc.,* 62 AD2d 407; *Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO,* 72 AD2d 720). The notice is unduly burdensome and exceeds the appropriate bounds and requirements intended by CPLR 3111 (see *White Plains Coat & Apron Co. v Lehmann,* 87 AD2d 629). Moreover, those items, for the most part, all relate to fiscal matters which are not discoverable in this action for an accounting unless and until plaintiff establishes her right to an accounting (see *Morone v Morone,* 85 AD2d 768; *Goldman v Salzberg,* 45 AD2d 680; *Barnett Robinson, Inc. v F. Staal, Inc.,* 43 AD2d 826). Special Term appropriately concluded that at this juncture, such disclosure is inappropriate. In modifying, we give effect to that determination, to the extent of directing which items of the demand are to be stricken. Concur — Murphy, P. J., Ross, Silverman, Bloom and Kassal, JJ.