CARA OPPENHEIMER, an Infant, by Her Mother and Natural Guardian, CHERYLE OPPENHEIMER, et al., Appellants, v THOMAS B. SHUBITOWSKI et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered June 2, 1982 in Ulster County, which granted defendants' motion for a protective order vacating plaintiffs' cross notice to take oral depositions and directed that plaintiffs proceed by means of written interrogatories. These actions for personal injuries and derivative loss arose from an accident on August 25, 1981 wherein the infant plaintiff pedestrian was struck by a motor vehicle owned by defendants Thomas and Renia Shubitowski and being operated by Thomas B. Shubitowski. After joinder of issue, defendants served a notice to take oral deposition upon plaintiffs, and plaintiffs promptly moved to take the oral deposition of defendants. In response, defendants moved for a protective order vacating plaintiffs' cross notice and compelling plaintiffs to proceed by way of written interrogatories or on a deposition upon written questions to be taken in the State of Michigan where defendants, New York residents at the time of the accident, then resided, contending that requiring defendants to present themselves in New York for examinations before trial would cause an unnecessary and unreasonable expense and inconvenience. Special Term, noting that the amendment to CPLR 3130 (L 1979, ch 197) permits the use of interrogatories in personal injury actions based on negligence, granted the protective order and in lieu of oral deposition directed plaintiffs to proceed by means of written interrogatories directed to defendants or by means of a deposition upon written questions to be taken from defendant within the State of Michigan. Plaintiffs appeal contending that the denial of their opportunity for an oral deposition was an abuse of discretion by Special Term and that Special Term erroneously interpreted the amendment to CPLR 3130 as a direction by the Legislature to make interrogatories an alternative to oral depositions. In our view, Special Term made no such interpretation. The

determination as to the terms and provisions of discovery, as regulated to prevent abuse by protective orders under CPLR 3103 (subd [a]), rests in the sound discretion of the court to which application is made (*Matter of U. S. Pioneer Electronics Corp. [Nikko Elec. Corp. of Amer.]*, 47 NY2d 914). Special Term merely concluded that in light of the circumstances presented, including defendants' out-of-State residency, the now permitted use of interrogatories in personal injury negligence actions was the most proper method of discovery and superior to the ofttimes used "eve of trial" method (see *Marine Midland Nat. Bank of Troy v Houston,* 30 AD2d 610) which, more often than not, because of the inherent uncertainties of scheduling, failed to accomplish its purpose of minimizing the loss of time and money. Such a conclusion finds support in this record and the amendment did not grant any unfettered right to conduct an examination before trial (*Yandolino v Cohen,* 102 Misc 2d 38). Since there has been no demonstration of an abuse of discretion, the order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney and Main, JJ., concur; Mikoll and Yesawich, Jr., JJ., dissent and vote to reverse in the following memorandum by Yesawich, Jr., J.

Yesawich, Jr., J. (dissenting). We respectfully dissent. Neither the language nor the legislative history of the 1979 amendment to CPLR 3130 furnishes any support for the proposition that a party's right to depose an opposing party should be limited in the manner directed. The amendment was enacted to meet the criticism that interrogatories were unavailable in negligence suits (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3130:3 [1982-1983 supp], p 204). With the amendment, a party in a negligence action is now at liberty to choose between utilizing interrogatories or an examination before trial. That it was intended that this right to select the disclosure device to be employed remain in the party seeking disclosure is apparent from the permissive language of the statute: "any party *may* serve upon any other party written interrogatories" (emphasis added). Admittedly, trial courts have long possessed the discretion to prevent disclosure abuses through the mechanism of protective orders (see CPLR 3103). However, it is also a sound principle, and one of considerable duration, that the mere fact that a defendant's residence is out-of-State does not, absent proof of some significant hardship, shelter him from an oral deposition (*Cooper v Met Merchandising,* 54 AD2d 859; *Santamaria v Walt Disney World,* 51 AD2d 959). Here, defendants' attorney simply alleges that it will be expensive and inconvenient for defendants to come from Michigan to be examined in New York. This far from compelling excuse is, in our judgment, insufficient to justify relegating plaintiffs to interrogatories or written questions. Contrary to defendants' assertions, each disclosure technique is not of equal utility. In personal injury cases an oral deposition is generally the most probing and most expedient. In any event, except when there are truly compelling reasons to conclude otherwise, a party's choice of method of disclosure should be respected. Depriving a party of the opportunity to orally examine his adversary serves only to tilt the balance in favor of nonresidents, for the principal advantage of an oral deposition, namely the occasion to assess the appearance, personality, demeanor, presentation, and spontaneity of the one being examined, will be lost. An amendment whose function is to augment and not restrict the disclosure devices available surely cannot be the basis for so drastic a revision of the disclosure process as has been achieved here. Accordingly, we would reverse and would order defendants to be orally examined in New York at a time to be set by Special Term.