■ RITA LEVINE, Individually and as Administratrix of the Estate of VICTOR LEVINE, Deceased, Appellant, v ST. LUKE'S HOSPITAL CENTER et al., Respondents. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered April 3, 1984, which, in substance, denied the plaintiff's motion to vacate paragraph V of a Special Term, Part 8A, precalendar conference order, entered September 22, 1983, is unanimously

reversed, on the law, the facts and in the exercise of discretion, and the motion is granted to modify paragraph V of this precalendar conference order to the extent of deleting the words "[d]efendant Kalli's deposition to be conducted in Georgia or New York if plaintiff pays his reasonable expenses at his option, November 4, 1983" and replacing them with the words "defendant Kalli's deposition to be conducted in his counsel's office in New York, with expenses taxable if Kalli prevails after trial", without costs.

This is a medical malpractice action, and issue has been joined. During the conduct of discovery, Special Term, Part 8A, issued a precalendar conference order (Seymour Schwartz, J.), entered September 22, 1983, which directs in paragraph V, in pertinent part, that "defendant Kalli's deposition * * * be conducted in Georgia or New York if plaintiff pays his reasonable expenses at his option, November 4, 1983." Subsequently, plaintiff moved, by notice of motion, to vacate so much of this paragraph V as requires plaintiff to pay the expenses of defendant Ramana Kalli (Kalli) for traveling to New York for oral deposition. Special Term treated plaintiff's motion as one to reargue and denied it, both on the merits and as untimely. We disagree.

We find that Special Term erred in its conclusion that plaintiff was seeking reargument. As we said in *Everitt v Health Maintenance Center* (86 AD2d 224, 227), since there is no appeal from a precalendar conference order, "[i]f counsel is of the view that appellate review is necessary, counsel should make a formal motion on notice and papers * * * to vacate or modify the precalendar conference order, or particular provisions of it". Our examination of the record indicates that the plaintiff has made a timely motion in the required form for the relief she seeks.

"It is well established that the statutory disclosure provisions apply to nonresidents as well as to residents of the State [citations omitted] and that, absent a showing of hardship, the nonresidence of a defendant does not preclude an examination in the county where the action is pending" (*Gazerwitz v Adrian,* 28 AD2d 556, 557). In the instant case, we find that "there is insufficient showing of any hardship which would result from the conduct of the deposition in this State" (*Kahn v Rodman,* 91 AD2d 910, 911) of defendant Dr. Kalli. Accordingly, in the exercise of our discretion, we grant plaintiff's motion and modify paragraph V of the precalendar conference order to the extent that we direct that defendant Kalli's deposition be conducted in his counsel's office in New York. In the event that defendant Kalli prevails in this action, he may recover the expense in-

curred as a taxable disbursement (*B. B. & D. Prods. v Screen Gems,* 29 AD2d 747). Concur — Ross, J. P., Carro, Asch and Bloom, JJ.