■ FIRST FAMILY MORTGAGE CORPORATION OF FLORIDA, Respondent, v IRVING LUBLINER et al., Appellants, et al., Defendants.—In an action to foreclose a mortgage, defendants Irving and Joan Lubliner appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Golden, J.), entered March 15, 1984, which, *inter alia,* granted plaintiff's motion for summary judgment as to them.

Order affirmed, insofar as appealed from, with costs.

In order to successfully oppose a motion for summary judgment, a party must set forth facts in evidentiary form raising a triable issue of fact (CPLR 3212 [b]; *Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681). In the instant case, appellants opposed the motion, stating in an affidavit that shortly after they moved into the house they purchased, which is the subject of the mortgage, the cellar floor collapsed, sinking two feet, and leaving the rest of the structure in a precarious and dangerous condition. Based upon these facts, appellants raised four affirmative defenses to the instant action: mistake, fraud, failure of consideration, and illegality.

While the facts as recited may support a cause of action against the sellers on these grounds, in order to defeat a motion for summary judgment they must support a defense as against the instant plaintiff. Plaintiff is an assignee of the note and mortgage, and purchased the note and mortgage for value. Accordingly, it stands in the same position as the original mortgagee *(Hammelburger v Foursome Inn Corp.,* 54 NY2d 580).

There is no indication in the record that the original mortgagee was responsible for or was aware of the unsound condition of the house. The fact that the underlying transaction may have been tainted does not mean that the mortgage may be set aside *(Jo Ann Homes v Dworetz,* 25 NY2d 112, 122), nor can the original mortgagee be held to have impliedly guaranteed that the house was structurally sound *(Schenectady Sav. Bank v Bartosik,* 77 Misc 2d 837). This is especially true where, as here, the appellants executed an owners estoppel certificate which contemplated assignment of the mortgage *(Hammelburger v Foursome Inn Corp., supra).* There is no allegation that the original mortgagee failed to give the full

principal amount of the mortgage; therefore any failure of consideration was not as between the mortgagee and the appellants, but between appellants and the sellers of the house. The remaining defenses also apply to the sellers only, not the mortgagee. Accordingly, summary judgment was properly granted. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.