■ FRANCIS P. BOYLIN, III, et al., Appellants, v EAGLE TELE-PHONICS, Respondent.—In an action to recover damages for breach of employment contracts, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated September 26, 1986, which denied their motion for a protective order requiring the defendant to use the disclosure devices of written questions or interrogatories in lieu of depositions.

Ordered that the order is affirmed, with costs; the depositions shall proceed at a time and place to be fixed by written notice of not less than 30 days, to be given by the defendant, or at such other time and place as the parties may agree.

A motion for a protective order (CPLR 3101 [a]) is addressed to the sound discretion of the trial court (Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp.], 47 NY2d 914) and, on this record, we find no basis for disturbing the trial court's denial of the motion. The nonresident plaintiffs chose to invoke the jurisdiction of the New York courts (Spatz v Wide World Travel Serv., 70 AD2d 835), and their motion for a protective order was supported solely by an attorney's affirmation containing only conclusory allegations of hardship (Carberry v Bonilla, 65 AD2d 613; see also, Santamaria v Walt Disney World, 51 AD2d 959; Abrams v Vaughan & Bushnell Mfg. Co., 37 AD2d 833, 834). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.