■ HELEN T. FOLEY, Respondent, v MICHAEL D. HAFFMEISTER et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Namm, J.), dated June 12, 1989, as granted the plaintiff's motion to vacate those portions of a prior order of the same court (Orgera, J.), dated May 13, 1988, which (1) (a) directed the plaintiff to submit to an examination before trial in New York State, and (b) directed the plaintiff to submit to a physical examination within the County of Suffolk, and substituted therefor provisions (a) directing that the plaintiff be deposed on oral questions in the State of California, and (b) directing that two physical examinations of the plaintiff be made in California, (2) denied that branch of the defendants' cross motion which was to compel the plaintiff to appear for an examination before trial and physical examinations in this State, and (3) directed that discovery be completed by September 30, 1989.

Ordered that the order is reversed insofar as appealed from, with costs, the plaintiff's motion is denied, that branch of the defendants' cross motion which was to compel the plaintiff to appear at an examination before trial and for physical examinations in this State is granted, and the plaintiff is directed to submit to an examination before trial and to two physical examinations, at times and locations within the County of Suffolk or the County of Nassau, to be set forth in a written notice to be provided by the defendants of not less than 10 days, or at such times and locations within the County of Suffolk or the County of Nassau, as the parties may agree; and it is further,

Ordered that the examinations before trial and the physical examinations shall be conducted within 120 days of the date of this decision and order.

In May 1988 a precalendar conference was held in the Supreme Court, Suffolk County, before Justice Orgera. The plaintiff's attorney failed to appear, but was contacted by telephone, and consented to the various provisions which were contained in the order dated May 13, 1988, following the conference. These provisions included a directive that the plaintiff submit to an examination before trial on July 8, 1988, with "no adjournments [permitted] without prior consent of

the Court." The order also directed that the plaintiff submit to a physical examination in the County of Suffolk within 30 days after the completion of the examination before trial.

After a series of adjournments requested by the plaintiff, and after almost a full year had elapsed, the plaintiff's attorney made a motion to vacate provisions of the order entered May 13, 1988, to permit the plaintiff to be deposed on written questions in the State of California. The motion was supported by the hearsay affirmation of the plaintiff's attorney, who stated that at some point after the commencement of the action in February 1987 the plaintiff had moved to California in order to live with her niece. Whether the plaintiff was still a resident of New York at the time of the precalendar order, or as of July of 1988 when her deposition was supposed to have been taken, was not made clear. The plaintiff's attorney asserted that he had been informed by the plaintiff's niece that the plaintiff had become "feeble and incapacitated" and that she was therefore "unable to travel * * * from California to New York".

The court (Namm, J.), granted the plaintiff's motion to the extent of directing that the plaintiff be deposed on written questions in California. The court also ordered that the plaintiff's physical examination occur in California (although this relief was not requested). Although the order recites that the defendants' cross motion was "denied", the court in fact granted certain relief requested by the defendants. Specifically, the court allowed the defendants to conduct two physical examinations instead of one (as called for in the prior order) and also directed the plaintiff to furnish authorizations. The provisions of Justice Orgera's previous order were implicitly vacated to the extent that they might be considered inconsistent with these directives. The defendants now appeal from those portions of the order by which they are aggrieved, and we reverse the order insofar as appealed from.

As a general matter, a plaintiff will be required to submit to a deposition upon oral questions conducted within the county in which the action is pending unless it is shown that "hardship" would result (see generally, CPLR 3110; Kahn v Rodman, 91 AD2d 910, 911; Cooper v Met Merchandising, 54 AD2d 859, 860; Santamaria v Walt Disney World, 51 AD2d 959, 960; Gazerwitz v Adrian, 28 AD2d 556, 557; see also, Oppenheimer v Shubitowski, 92 AD2d 1021 [Yesawich, Jr., J., dissenting]). The plaintiff might have satisfied her burden of showing such hardship had any proof been submitted in order to support the assertions made by her attorney. However, those asser-

tions, to the extent that they were relevant, consisted of rank hearsay. "An attorney's affidavit not based upon personal knowledge is without value" *(Romel v Reale,* 155 AD2d 747, citing *Hasbrouck v City of Gloversville,* 102 AD2d 905). Due to the inadequacy of the plaintiff's submissions, no "hardship" has been shown.

What is more, the burden to be met by the plaintiff was all the stronger since she was attempting not only to vary the ordinary rules of discovery, but also to vary the terms of a prior court order to which her attorney had consented. We have previously gone so far as to affirm the ultimate sanction of dismissal based upon a plaintiff's failure to abide by the discovery deadlines contained in a precalendar order *(see, Walk & Smile v 2491 Atl. Ave. Corp.,* 150 AD2d 366). Such a sanction might not have been appropriate under the particular facts of this case; however, the fact remains that the plaintiff has failed to show any valid excuse for her failure to abide by the terms of the precalendar order. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.