■ BRISTOL-MYERS SQUIBB COMPANY, Respondent, v YEN-SHANG B. CHEN, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see,* CPLR 5701 [a] [2]; *Katz v Katz,* 68 AD2d 536, 541). (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Discovery.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.

■ BRISTOL-MYERS SQUIBB COMPANY, Respondent, v YEN-SHANG B. CHEN, Appellant. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: The disclosure provisions of the CPLR apply equally to nonresidents, and it was proper for the court to direct that defendant's examination be held in Onondaga County, where the action is pending *(see,* CPLR 3110 [1]; *Levine v St. Luke's Hosp. Ctr.,* 109 AD2d 694, 695; *Kahn v Rodman,* 91 AD2d 910, 911). Although defendant, a resident of Taiwan, is required to travel several thousand miles, much of his burden is self-imposed. Defendant was served with an order to show cause for an expedited examination before trial when he appeared on another matter in Canada. Nevertheless, defendant chose to compound his hardship by returning to Taiwan *(see, United Refrig. Co. v Rose,* 19 AD2d 809). Under the circumstances, the court did not abuse its discretion in directing him to attend an examination in Onondaga County.

Because defendant was directed to appear at an examination on April 6, 1992, the order is modified to provide that defendant must appear for an examination at the offices of plaintiff's attorneys within 30 days of service of the order to be entered herein with notice of entry. (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Discovery.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.

■ DONNA DENOTO, Respondent, v L. WOERNER, INC., et al., Defendants, and PAT UNGER, Appellant.—Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying defendant Unger's motion for a severance. Unger has failed to demonstrate that a joint trial will prejudice a substantial right *(see, Fay v Chii Chung Wang,* 134 AD2d 563). The negligence actions stated against the individual defendants are straightforward and are linked by a common theory of negligence against defendant HCR *(see, Harris v Manos,* 181 AD2d 967). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Severance.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.