■ MOUNT VERNON FIRE INSURANCE COMPANY, Respondent, v CHADWICK LUNDY et al., Appellants, et al., Defendant. [628 NYS2d 820] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify its insured, Levi Timm, in an underlying negligence action commenced by Chadwick Lundy, the defendants Chadwick Lundy and Cipriana Lundy appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated February 25, 1994, as granted the plaintiff's motion to compel Chadwick Lundy to be deposed on April 28, 1994, in the Supreme Court, Kings County, and (2) from an order of the same court dated September 19, 1994, which, upon the failure of Chadwick Lundy to appear at the deposition scheduled for April 28, 1994, granted the plaintiff's motion to reschedule the deposition, and denied the appellants' cross motion to vacate the prior order and/or to permit a limited deposition on written questions.

Ordered that the order dated February 25, 1994, is reversed insofar as appealed from, without costs or disbursements, and the plaintiff's motion is denied; and it is further,

Ordered that the order dated September 19, 1994, is modified by (1) deleting the provision thereof which granted the plaintiff's motion to reschedule the deposition of Chadwick Lundy and substituting therefor a provision denying the motion, and (2) deleting the provision thereof which denied the branch of the appellants' cross motion which was to direct the plaintiff to conduct a limited deposition of Chadwick Lundy on written questions and substituting therefor a provision granting that branch of the cross motion; as so modified the order dated September 19, 1994, is affirmed, without costs or disbursements.

Ample notice of six weeks was provided to the plaintiff Mount Vernon Fire Insurance Company (hereinafter Mount Vernon) that on August 20, 1993, the appellant Chadwick Lundy (hereinafter Lundy) would be in New York for the taking of a deposition in the underlying personal injury action and would be available to Mount Vernon's counsel in the declaratory judgment action for questioning. Counsel did not

avail itself of that opportunity. A short time later, counsel moved to compel Lundy to travel to New York a second time for the purpose of being deposed. Even though Mount Vernon, through its counsel, was requesting the deposition and was in the superior economic position, it did not offer to defray non-resident Lundy's travel expenses.

The court erred in granting Mount Vernon's motion. Under the circumstances, it should have granted the branch of appellants' cross motion permitting Lundy's deposition to be conducted out-of-State upon written questions (CPLR 3103 [a]; 3108). Thompson, Santucci, Altman and Hart, JJ., concur.

Balletta, J. P., dissents and votes to affirm the orders appealed from in the following memorandum:

I respectfully disagree with the majority and vote to affirm the orders directing the appellant Chadwick Lundy (hereinafter Lundy) to appear for a deposition in Kings County.

As a general rule, a party will be required to submit to a deposition upon oral questions conducted within the county in which the action is pending unless it is shown that "hardship" would result (see, CPLR 3110; *Carella v King*, 198 AD2d 567; *Bristol-Myers Squibb Co. v Chen*, 186 AD2d 999; *Levine v St. Luke's Hosp. Ctr.*, 109 AD2d 694; *Goldenstein v Upjohn Co.*, 60 AD2d 568).

Here, Lundy failed to offer any proof of hardship. His opposition to the plaintiff's motion to compel his presence at a deposition to be held in Kings County consisted solely of an attorney's affirmation containing only conclusory allegations of hardship (see, *Foley v Haffmeister*, 156 AD2d 541; *Boylin v Eagle Telephonics*, 130 AD2d 538). Moreover, it can hardly be said that requiring Lundy to come to Kings County from Philadelphia constitutes either a hardship or an undue burden (see, *Weisgold v Kiamesha Concord*, 51 Misc 2d 456).