■ CHEMICAL BANK, as Trustee under Pooling and Servicing Agreement Dated September 22, 1992, Series 1992-1994, Appellant, v ELEASE BOWERS, Respondent, et al., Defendants. [643 NYS2d 653]

The plaintiff, an assignee of the mortgage which is the subject of this action, established a prima facie case by submitting proof of the mortgage and note and the respondent's default in payment (*see, North Fork Bank v Hamptons Mist Mgt. Corp.,* 225 AD2d 596). The respondent failed to come forward with any evidence to support her defenses and counterclaims. While the respondent may have been defrauded by the home improvement contractor to whom she transferred a portion of the loan proceeds, that is not a defense to this foreclosure action. There is no evidence that the original mortgagee had any relationship with the contractor or participated in or had knowledge of the contractor's alleged fraudulent conduct (*see, First Family Mtge. Corp. v Lubliner,* 113 AD2d 868). In addition, contrary to the conclusion of the Supreme Court, the attorney representing the mortgagee did not owe any duty to the respondent at the closing (*see, Banque Nationale de Paris v 1567 Broadway Ownership Assocs.,* 214 AD2d 359). Consequently, the court erred in denying the plaintiff's motion. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.