■ MILLER PLANNING CORPORATION, with DELTA FUNDING CORPORATION, as Servicing Agent, Appellant, v ELIZABETH WELLS et al., Respondents, et al., Defendant. [678 NYS2d 340] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated April 21, 1997, as denied its motion for summary judgment and the appointment of a Referee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The plaintiff established its entitlement to judgment as a matter of law by submitting proof of the existence of the mortgage and mortgage note, and evidentiary proof of the respondents' default in payment (*see, Kowalski Enters. v Sem Intl.,* 250 AD2d 648; *Lavi v Hamedani,* 234 AD2d 428). Accordingly, it was incumbent upon the respondents to demonstrate the existence of a meritorious defense to foreclosure. The respondents' claim that the mortgage was usurious is insufficient to meet this burden.

Applying the traditional method of computing interest for the purpose of determining usury, the effective annual interest rate charged by the lender did not exceed the legal maximum

*(see, Hammelburger v Foursome Inn Corp.,* 54 NY2d 580; *Band Realty Co. v North Brewster, Inc.,* 37 NY2d 460; *Shifer v Kelmendi,* 204 AD2d 300). Furthermore, the defense of usury does not apply where, as here, the terms of the mortgage and note impose a rate of interest in excess of the statutory maximum only after default or maturity *(see, Bloom v Trepmal Constr. Corp.,* 29 AD2d 951, *affd* 23 NY2d 730; *Shorehaven Assocs. v King,* 184 AD2d 764; *Klapper v Integrated Agric. Mgt. Co.,* 149 AD2d 765).

Although the respondents also contend that they were defrauded by the home improvement contractor who received some of the proceeds of the loan, there is no evidence that the plaintiff had any relationship with the contractor. The record is also devoid of proof that the plaintiff participated in or had knowledge of the contractor's scheme. Under these circumstances, the contractor's alleged fraud is not a defense to foreclosure *(see, Chemical Bank v Bowers,* 228 AD2d 407; *First Family Mtge. Corp. v Lubliner,* 113 AD2d 868). Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.