■ CHARLES HOFFMAN et al., Respondents, v MARGIT KRAUS et al., Appellants, et al., Defendants. [688 NYS2d 575] —In a mortgage foreclosure action, the defendants Margit Kraus and Ilona Kahan appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated January 16, 1998, which, *inter alia*, granted those branches of the plaintiffs' motion which were for summary judgment on the complaint, referred the matter to a Referee, and directed service of the order upon, among others, the owner of the equity of redemption.

Ordered that the order is modified, by (1) deleting the provisions thereof granting those branches of the motion which were for summary judgment in favor of the plaintiffs and against the defendant Margit Kraus for the relief demanded in the complaint and to strike the answer insofar as asserted on behalf of the defendant Margit Kraus, and substituting therefor provisions denying those branches of the motion, and (2) deleting the provisions thereof referring the matter to a Referee and directing service of the order upon, among others, the owner of the equity of redemption; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that on the Court's own motion, any examination before trial by the plaintiffs of the defendant Margit Kraus, either orally or by written questions, shall take place in Hungary (*see,* CPLR 3108).

In this mortgage foreclosure action, the plaintiffs established their entitlement to judgment as a matter of law by submitting proof of the existence of the mortgage and mortgage note, the assignment of the mortgage documents to them, and evidentiary proof of the appellants' default in payment (*see, Miller Planning Corp. v Wells,* 253 AD2d 859; *Votta v Votta Enters.,* 249 AD2d 536; *Mahopac Natl. Bank v Baisley,* 244 AD2d 466). "Accordingly, it was incumbent upon the appellants to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (*Mahopac Natl. Bank v Baisley, supra,* at 467; *see, Miller Planning Corp. v Wells, supra; Votta v Votta Enters., supra*).

In opposition to the plaintiffs' motion for summary judgment, the appellants asserted that the power of attorney purportedly granted by the appellant Margit Kraus to the defendant Abe Berger was forged. Although the certificate of acknowledgement on the power of attorney constitutes prima facie proof of the authenticity of Kraus' signature (*see,* CPLR 4538; *Langford v Cameron,* 73 AD2d 1001, 1002; *see, Son Fong Lum v Antonelli,* 102 AD2d 258, 260, *affd* 64 NY2d 1158), this presumption is rebuttable (*see, Son Fong Lum v Antonelli, supra,* at 261; *Langford v Cameron, supra*). The appellants submitted sufficient evidence to raise a triable issue of fact as to whether Kraus' signature on the power of attorney was forged (*see, Langford v Cameron, supra*). If the signature on the power of attorney allegedly executed by Kraus was, in fact, forged, then the mortgage obtained using it is void as against Kraus (*see, Davis v Dunnet,* 239 NY 338, 339-340). Thus, the

plaintiffs' motion for summary judgment on the complaint insofar as asserted against Kraus should have been denied.

Under the circumstances of this case, the Supreme Court also improvidently exercised its discretion in striking the answer insofar as asserted by Kraus based on her failure to appear for a deposition. Generally, when a party to the action is to be deposed, the deposition should take place "within the county * * * where the action is pending" (CPLR 3110 [1]). The exception to this general rule is where the party to be examined demonstrates that examination in such county would result in "hardship" to him or her (*see, Bristol-Myers Squibb Co. v Yen-Shang B. Chen,* 186 AD2d 999; *Levine v St. Luke's Hosp. Ctr.,* 109 AD2d 694, 695; *Kahn v Rodman,* 91 AD2d 910, 911). The appellants sufficiently demonstrated that traveling to New York for a deposition would result in hardship to Kraus. Kraus is a resident of Hungary, and, according to her sister, the appellant Ilona Kahan, she is more than 70 years old and in failing health.

Although the appellants should have moved for a protective order upon being served with the plaintiffs' notice to take Kraus' deposition, the court may issue a protective order "at any time on its own initiative" (CPLR 3103 [a]). Under the facts of this case and in the interests of justice, a protective order is warranted to preclude the plaintiffs from requiring Kraus to submit to an oral examination in Kings County. Instead, we direct that any examination of Kraus take place in Hungary, either orally or by written questions (*see,* CPLR 3108).

There is no merit to the contention that the Supreme Court improperly granted the plaintiffs summary judgment as against Kahan (*see, Lavi v Hamedani,* 234 AD2d 428). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.