OPINION OF THE COURT
Herbert Kramer, J.
The motion by plaintiff Downey Savings and Loan Association, F.A. (Downey) for an order, pursuant to CPLR 3212, granting summary judgment in its favor with respect to the complaint is granted and the cross motion by defendants 162 Grand New-burgh LLC and Jessica B. Williams (collectively, defendants) for an order dismissing the complaint against them pursuant to CPLR 3211 (a) (2) and (3) is denied.
This action was brought to foreclose a mortgage on the real property located at 41 Pilling Street in Brooklyn. The mortgage was executed by Jessica B. Williams to secure a loan given to her by Downey on November 14, 2005. On May 28, 2008, fee title to the premises was transferred by Jessica Williams to 162 Grand Newburgh LLC. Thereafter, she defaulted on monthly payments of principal and interest. On February 27, 2009, this action was commenced.
In its motion, Downey points out that after the commencement of this action it was taken over by the Federal Deposit Insurance Corporation (FDIC) and its assets were transferred to US Bank National Association by virtue of a bill of sale and assignment and assumption agreement dated April 20, 2009. Accordingly, among other relief sought, Downey requests that the caption of this action be amended so as to change the name of plaintiff from Downey to that of US Bank National Association, as successor by assignment and assumption agreement from FDIC, as receiver for Downey. Downey also seeks to amend the caption to indicate the names of the tenants at the premises and to delete the “John Doe” defendants. More importantly, given the affidavit of John Amador, Downey’s senior vice-president, regarding the execution of the note and mortgage and the default in payment, Downey argues that summary judgment in its favor is warranted. With respect to the affirmative defense of defendants which asserts that Downey lacks legal capacity to sue because it is an unlicensed foreign corporation *676 doing business in New York, Downey notes that the prohibition against maintaining an action or proceeding in New York does not apply to foreign banking corporations, such as Downey, which do not maintain an office in New York, but make loans in New York secured by mortgages on real property.
In their cross motion, defendants contend that, on the date this action was commenced, Downey “lacked standing and capacity to bring this action, depriving the court of subject matter jurisdiction.” According to defendants, the complaint is defective because Downey does not allege that, when this action was commenced on February 27, 2009, it was the holder of the mortgage or otherwise authorized to bring this action. Defendants point out that Downey was taken over by FDIC and all of the bank’s assets, including the note and mortgage herein, were thereafter sold to US Bank National Association (US Bank). According to defendants, the underlying sales agreement with US Bank was entered into by FDIC, as receiver for Downey, on November 21, 2008. Since FDIC took control of Downey and its assets on that date and this action was commenced on February 27, 2009, defendants maintain that Downey was no longer the real party in interest when it commenced this action. Defendants also assert that Downey’s failure to commence this action in the name of US Bank or FDIC was a “fatal flaw” that may not be remedied by an amendment of the caption.
In opposition to the cross motion, Downey characterizes the issue in this case as one of “misdescription or miscaptioning at best.” Downey points out that, after FDIC took it over on November 21, 2008, Downey did not cease to function, nor did its assets cease to exist; rather, until US Bank purchased Downey’s assets on April 20, 2009, Downey’s assets were placed in receivership under the control of FDIC for the purposes of winding up its affairs. According to Downey, FDIC performed all functions “in the name of the failed institution” and the failure to identify FDIC in its representative capacity as a receiver “is a defect in form at best.” Downey further argues that defendants have waived their objection to standing since they did not raise it in their answer or in a pre-answer motion to dismiss, as required by CPLR 3211 (e). Downey also asserts that the second affirmative defense which questions Downey’s capacity to sue as a foreign corporation does not raise an issue of standing.
In reply, defendants maintain that Downey, the party bringing this action, is not the real party in interest and, therefore, *677 the court does not have subject matter jurisdiction. Since a defense predicated upon a lack of subject matter jurisdiction may be raised in a motion “made at any time” pursuant to CPLR 3211 (a) (2) and (e), defendants argue that their request for dismissal is timely. Because plaintiff did not identify the current holder of the mortgage (US Bank) in its pleadings and made no mention of the FDIC takeover, defendants suggest that their second affirmative defense of lack of capacity should not be considered as waived.
In a surreply, Downey points out that the subject note and mortgage were not sold to US Bank on November 21, 2008 as defendants contend, but on April 20, 2009 as indicated in a bill of sale. (According to Downey, the contract through which FDIC agreed to sell was dated November 21, 2008.) Thus, Downey asserts that when this action was commenced on February 27, 2009, it was the sole recorded owner of the note and mortgage and, therefore, “only Downey had standing to commence an action until April 20, 2009.”
In “reply to plaintiffs . . . sur-reply,” defendants suggest that, since this action was commenced (in Downey’s words) “at the request and direction of the FDIC in its receivership capacity for Downey,” that constitutes a concession that Downey lacked the capacity to commence this action in its own name.
In seeking dismissal of the complaint, defendants’ position is that Downey “lacked standing and capacity to bring this action, depriving the court of subject matter jurisdiction.” Although a defendant may move for dismissal on the ground that the plaintiff “has not legal capacity to sue” (CPLR 3211 [a] [3]), an objection or defense based upon that ground is waived unless raised either by a pre-answer motion or in the responsive pleading (see CPLR 3211 [e]). Since defendants did not move for dismissal prior to service of their answer and the second affirmative defense regarding lack of capacity to maintain this action was predicated upon Downey being an unauthorized foreign corporation (as opposed to Downey not being the real party in interest), the defense pertaining to legal capacity to sue has been waived.
The question then is whether the defense based on lack of standing (which defendants raise for the first time in their cross motion) is more akin to the defense that the plaintiff “has not legal capacity to sue” (which has been waived) or to the nonwaivable defense that the court lacks subject matter jurisdiction, as set forth in CPLR 3211 (a) (2), as defendants urge.
*678 Standing and capacity to sue are related, but distinguishable legal concepts (see Silver v Pataki, 96 NY2d 532, 537 [2001]). Capacity requires an inquiry into the litigant’s status, i.e., its “power to appear and bring its grievance before the court” (Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 155 [1994]), while standing requires an inquiry into whether the litigant has “an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant’s request” (Caprer v Nussbaum, 36 AD3d 176, 182 [2006]). “[A] lack of standing is not such a fundamental defect that it cannot be waived. Thus, where a defendant does not challenge a plaintiff’s standing, the plaintiff may be relieved of its obligation to prove that it is the proper party to seek the requested relief” (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007]). For the purpose of the waiver rule set forth in CPLR 3211 (e), standing and capacity to sue are sufficiently related that they should be afforded identical treatment. Since defendants did not raise the standing issue in their answer or in a pre-answer motion to dismiss the complaint, they waived any defense based on lack of standing. Although defendants fault Downey because it did not identify the current holder of the mortgage (US Bank) in the complaint, since this action was commenced prior to the date of the bill of sale, there was no error on plaintiffs part in that regard. Moreover, while neither the complaint nor the caption of the action referred to FDIC which had been named as receiver for Downey on November 21, 2008, FDIC’s receivership was a matter of public record and defendants may not use the receivership as a ground for their failure to challenge Downey’s standing in their answer or in a pre-answer dismissal motion. Accordingly, the cross motion by defendants is denied.
“It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default . . . When a plaintiff does so, it is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to his [or her] default” (Village Bank v Wild Oaks Holding, 196 AD2d 812, 812 [1993]).
Downey’s submission of copies of the mortgage and note, along with the affidavit of John Amador, establishes its prima facie entitlement to foreclosure as a matter of law (see Wasserman v Harriman, 234 AD2d 596, 597 [1996]). Further, defendants do
*679 not dispute that they defaulted in payment. The burden now shifts to them to come forward with evidence to support their defenses (see Chemical Bank v Bowers, 228 AD2d 407 [1996]). Since defendants have waived any defense regarding Downey’s standing and their other defenses are without merit, they have failed to meet their burden. Therefore, the motion by Downey is granted and it is directed to settle a judgment on notice in accordance with this decision and order.