In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered December 28, 2012, which denied its motion for summary judgment on the complaint and to dismiss the affirmative defenses and counterclaims of the defendant Annamma Alexander, also known as Ann Alexander.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the complaint and to dismiss the affirmative defenses and counterclaims of the defendant Annamma Alexander, also known as Ann Alexander, is granted.
The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by producing the subject mortgage, the unpaid note, and an affidavit of its employee evidencing the default of the defendant Annamma Alexander, also known as Ann Alexander, in her payment obligations (see Wachovia Bank, N.A. v Carcano, 106 AD3d 724, 725 [2013]; Wells Fargo Bank, N.A. v Webster, 61 AD3d 856 [2009]). In opposition, Alexander failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (see Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d 654, 655 [2013]). Alexander alleged that she was defrauded by a third party who, without her consent, submitted the application for the subject home equity loan, which contained inflated figures for her income, and that the third party pressured her into accepting the loan and passing its proceeds along to him, which he promised to repay. However, the evidence she submitted in support of this allegation, consisting only of hearsay, was insufficient to raise a triable issue of fact as to whether the plaintiff had any knowl *760 edge of this third party’s alleged fraud (see Stock v Otis El. Co., 52 AD3d 816, 816-817 [2008]; Miller Planning Corp. v Wells, 253 AD2d 859, 860 [1998]; Chemical Bank v Bowers, 228 AD2d 407, 408 [1996]).
Alexander’s remaining contentions are without merit.
Accordingly, the plaintiff was entitled to summary judgment on its complaint and dismissing Alexander’s affirmative defenses and counterclaims. Dillon, J.P, Chambers, Austin and Duffy, JJ., concur.