Sumec Textile & Light Indus. Co., Ltd. v Zee Co. Apparel Corp. (2024 NY Slip Op 51306(U))

[*1]

Sumec Textile & Light Indus. Co., Ltd. v Zee Co. Apparel Corp.

2024 NY Slip Op 51306(U)

Decided on September 19, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2024
Supreme Court, New York County

Sumec Textile & Light Industry Co., Ltd., Plaintiff,

against
Zee Co. Apparel Corp., Defendant.

Index No. 652040/2022

Robert R. Reed, J.

Pursuant to Rule 14 of the Rules of the Commercial Division, the parties provided this court with correspondence identifying their dispute regarding the deposition of plaintiff's representative. A Rule 14 conference was held on September 12, 2024. This order will address the disputes identified in the discovery correspondence.
The parties dispute whether the deposition of plaintiff's representative should take place in person in New York County, New York or virtually.
Counsel for plaintiff argues that good cause exists pursuant to Rule 37 of the Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70 [g]) to permit the deposition to be conducted virtually. Plaintiff's counsel represents that its representative resides in China and that the time and expenses required for her to travel to New York for a deposition would be unduly burdensome. Further, plaintiff's counsel represents that the proposed witness is the principal caretaker for a young child and cares for her elderly parents, who all reside in China.
Counsel for defendant argues that mere inconvenience is not good cause for plaintiff to avoid the obligation to produce a witness for deposition in New York. Defendant's counsel also argues that defendant has the right to conduct the deposition in person, which would provide an opportunity to better assess the credibility of the witness and to present the witness with physical evidence relevant to the case, including a coat and hundreds of documents. In addition, defendant's counsel argues that a virtual deposition may be prone to technical issues in viewing and sharing documents during the questioning of the witness.
The long-standing "preferred practice, except in cases where hardship is shown to exist, is to proceed with examinations here" in New York (Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 52 AD3d 219, 219 [1st Dept 2008]; see Swiss Bank Corp. v Geecee Exportaciones, Ltda., 260 AD2d 254 [1st Dept 1999]; Kahn v Rodman, 91 AD2d 910 [1st Dept 1983]).
Under Rule 37 of the Rules of the Commercial Division, the "court may, upon the consent of the parties or upon a motion showing good cause, order oral depositions by remote electronic means," considering such factors as "[t]he distance between the parties and the [*2]witness, including time and costs of travel by counsel and litigants and the witness to the proposed location for the deposition" and "whether the witness is a party to the litigation." However, the conduct of discovery remains squarely within the court's discretion (see Gryphon Dom. VI, LLC; CPLR 3104; Rules of the Commercial Division rule 37).
The reasons cited by plaintiff are insufficient to overcome the presumption that a party litigating in New York should accept the costs and expenses of choosing to do so. Moreover, as plaintiff has chosen New York as the venue to present its claim, it cannot reasonably argue to be aggrieved by the accompanying obligations.
NOW, THEREFORE, upon due deliberation and consideration of the parties' correspondences dated September 10, 2024 (NYSCEF doc No. 31), it is hereby
ORDERED that plaintiff shall produce its corporate representative for deposition in person in New York County in the State of New York on or before October 23, 2024. Deposition in the New York County courthouse itself is permissible, if necessary; and it is further
ORDERED that, if plaintiff fails to produce its witness for deposition, plaintiff shall be subject to sanctions pursuant to CPLR 3126, including the striking of its complaint; and it is further
ORDERED that the parties shall continue with discovery according to the following schedule:
(1) Party and non-party depositions to be completed by October 23, 2024;
(2) Any impleader to be completed by November 5, 2024;
(3) Expert discovery to be completed by December 20, 2024; and
(4) All disclosures to be completed by December 20, 2024; and it is further
ORDERED that the parties shall appear for a status conference via Microsoft TEAMS on November 5, 2024 at 11:00 a.m.
DATE September 19, 2024
Robert R. Reed, J.S.C.